UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THEODORE BARBUTO,

                                 Plaintiff,

     -against-

SYRACUSE UNIVERSITY, AND MARY PAT
GRZYMALA, individually and in her official capacity,

                                Defendants.
------------------------------------------------------------------------X

No.: 5:23-cv-245 (TJM/ML)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, THEODORE BARBUTO, by and through his attorneys, MARK DAVID SHIRIAN P.C., complaining of the Defendants, SYRACUSE UNIVERSITY (hereinafter referred to as "SYRACUSE UNIVERSITY"), and MARY PAT GRZYMALA (hereinafter referred to as "GRZYMALA") respectfully alleges as follows:

**NATURE OF COMPLAINT**

1. This is an action seeking damages to recover lost benefits and wages, and an additional amount as liquated damages, interest, compensatory damages, reasonable attorneys' fees and costs against Defendants for violations of Plaintiff's rights protected by the Family Medical Leave Act ["FMLA"], Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 (Section 504), the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. (ADA), and sexual orientation and caregiver status discrimination under the New York State Human Rights Law ("NYSHRL"). Specifically, Defendants interfered with Plaintiff's right to take intermittent leave under the FMLA, pursuant to 29 U.S.C. § 2615(a) (1) and discriminated against him for approving his FMLA leave by limiting his right to take advantage of fringe benefits.

1

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon the court as this action involves a federal question under the FMLA, ADA, and Section 504.

3. This Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law ("NYSHRL") claims as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue properly lies in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) as many of the acts giving rise to this action occurred in this District.

**PARTIES**

5. Barbuto is a homosexual married male who is presently on intermittent FMLA and presently resides in the State of New York.

6. At all relevant times, Plaintiff Barbuto met the definitions of a "student" under all applicable statutes.

7. At all relevant times, Plaintiff Barbuto met the definitions of an "employee" under all applicable statutes.

8. Defendant SYRACUSE UNIVERSITY hired plaintiff on or about September 2016 in food service and was promoted to a custodian in or around September 2019.

9. At all times hereinafter mentioned, Defendant, SYRACUSE UNIVERSITY, was and is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, doing business at 900 South Crouse Avenue, City of Syracuse, County of Onondaga, and State of New York.

10. That at all times herein mentioned, Defendant SYRACUSE UNIVERSITY was

plaintiff's employer under all applicable statutes.

11. That at all times herein mentioned, Defendant SYRACUSE UNIVERSITY was and is an educational institution that receives federal funding under all applicable statutes.

12. Defendant Mary Pat Grzymala, is and was duly appointed as a Senior Associate Director for SYRACUSE UNIVERSITY, and acting as an officer, servant, employee, and agent of defendant SYRACUSE UNIVERSITY. Defendant Grzymala is and was at all times relevant herein acting in the course and scope of her duties and functions as SYRACUSE UNIVERSITY Director for SYRACUSE UNIVERSITY as an agent, servant, and employee of defendant SYRACUSE UNIVERSITY, was acting for, and on behalf of, and with the power and authority vested in his by SYRACUSE UNIVERSITY, and was otherwise performing and engaging in conduct incidental to the performance of her functions in the course of her duties, who, implemented, enforced, and /or effectuated the policies and unlawful conduct of which is the subject policy of this action. Defendant Grzymala is sued in her individual and official capacity.

13. At all times relevant hereto, Defendant Grzymala exercised managerial or supervisory responsibility over the Plaintiff.

## MATERIAL FACTS

14. Mr. Barbuto is a homosexual married male who is presently on intermittent FMLA, and is presently employed by Defendant Syracuse University and is simultaneously a student at Syracuse University.

15. On or about September 2016, plaintiff began working for Defendant SYRACUSE UNIVERSITY in food service.

16. In or around February 2019, Plaintiff was approved to take FMLA in order to assist

his mother.

17. On or about September 2019, plaintiff was promoted to a custodian at Syracuse University.

18. In or around 2009, Plaintiff's husband was diagnosed with human immunodeficiency virus ("HIV').

19. In or around December 11, 2019, Plaintiff's husband was diagnosed with depression and anxiety due to his HIV-positive status and diagnosis, which is an associational disability as to Plaintiff under all applicable statutes.

20. Plaintiff married his husband on or around June 20, 2020.

21. In or around March 25, 2021, Defendant Syracuse University approved Plaintiff's request for FMLA in order to assist his husband with his medical condition and again on March 16, 2022.

22. At all relevant times, Plaintiff was a caretaker to his husband under all applicable statutes. Specifically, due to Plaintiff's husband's disabilities, Plaintiff assisted his husband by making sure he took his medicine, assisting him with showers, getting out of bed, driving him around, and take care of other household duties.

23. In or around November 2021, Mr. Barbuto decided to take advantage of a fringe benefit of his employment with Defendant Syracuse University that allowed him to also take classes at Syracuse University as a student.

24. In or around December 2021, Syracuse University put a Stipulation on Mr. Barbuto with respect to his use of a fringe benefit of remitted tuition, which essentially infringed on his FMLA rights and rights as a student.

25. Specifically, although Mr. Barbuto's class schedule was approved on December 20,

2021, the Stipulation directed Mr. Barbuto to not attend classes on any day that he calls in with an unscheduled absence (sick, FMLA, etc.).

26. Further, in a letter dated December 20, 2021 by Mary Pat Grzymala, the Defendants sought to restrict Mr. Barbuto's access to his education as a student and fringe benefits of an employee because of his FMLA status, associational disability with respect to his husband's disability, caregiver status, and sexual orientation.

27. Mr. Barbuto was on intermittent FMLA when the stipulation was placed and his class schedule was approved on December 20, 2021.

28. It is clear that Defendant, Mary Pat Grzymala's actions towards Plaintiff was discriminatory.

29. Upon information and belief, the stipulation given to Mr. Barbuto by Defendants is the first of its kind that blatantly restricts access to Mr. Barbuto's educational opportunities and fringe benefits because of his FMLA status, associational disability, caregiver status, and sexual orientation.

30. Essentially, Syracuse University made it more difficult for Mr. Barbuto to utilize his fringe benefits and take advantage of educational opportunities because of his FMLA status, caregiver status, associational disability, and sexual orientation. For example, as a result of this unlawful stipulation, Mr. Barbuto has not attended classes or tutoring sessions on any day that he used his FMLA leave for his husband out of fear of not complying with the aforementioned Stipulation.

31. As a result of this unlawful stipulation, Mr. Barbuto missed multiple classes (Pre-Calculus – February 7, 2022, March 10, 2022, March 23, 2022; Yoga – March 10, 2022, March 22, 2022, March 29, 2022; Tutoring – January 27, 2022, February 1, 2022, February 8, 2022,

March 1, 2022, March 10, 2022, March 22, 2022, and March 29, 2022.)

32. Additionally, between January 6, 2022 and April 13, 2022, Mr. Barbuto was out from work for approximately 179.2 hours. Moreover, Mr. Barbuto took 123.2 FMLA hours taking care of his husband during this particular timeframe.

33. Moreover, this Stipulation is contrary to any current Syracuse University policy and against all applicable laws and statutes.

34. Further, Mr. Barbuto was treated differently than other similarly situated employees outside of his protected class because he is on FMLA, and/or because of his associational disability, and/or because of his sexual orientation.

35. This stipulation is a violation of Section 504 of the Rehabilitation Act, FMLA and the New York State Human Rights Law.

36. The blatant discrimination and hostile working and learning environment endured by Mr. Barbuto has caused him irreparable compensatory and non-compensatory damages and negatively impacted his educational and professional careers.

37. At all times relevant hereto, plaintiff was an exemplary employee. Plaintiff demonstrated that he was highly qualified and hardworking.

38. Mr. Barbuto was discriminated against here because of his sexual orientation and in light of his FMLA status. Specifically, Mr. Barbuto was given a stipulation that is unlawful under the applicable statutes, as it hinders his educational opportunities and his entitlement to exercise fringe benefits.

39. Moreover, Mr. Barbuto complained that he felt he was being discriminated against over email with Cathy Bottari on April 1, 2022 and on April 5, 2022 and in person on March 31, 2022 and April 12, 2022.

40. On or about March 31, 2022, Cathy Bottari conveyed to Mr. Barbuto during a meeting that the stipulation would be removed and sent Mr. Barbuto the revised class arrangement without the stipulation on or about April 4, 2022.

41. In fact, Cathy Bottari did not take any action with respect to Mr. Barbuto's stipulation until April 12, 2022. Mr. Barbuto is also aware of approximately seventeen other similarly- situated heterosexual coworkers who did not go through an administrative meeting process to this effect and did not receive any stipulations.

42. Mr. Barbuto was discriminated against because of his sexual orientation, as no other employee was given this type of stipulation and that he was treated differently because of his sexual orientation.

43. Moreover, below is a list of approximately eighteen (18) employees that are outside of Plaintiff's protected class and similarly situated and had easier access to take classes and were not given stipulations:

    a) Hetero-David George - Grade 3 custodian;
    b) Hetero-Tim Davis- Grade 3 custodian;
    c) Hetero-George Lambert - Grade 3 custodian;
    d) Hetero-Sondra Little - Grade 3 custodian;
    e) Hetero-Anthony Gallo- Grade 3 storeroom attendant foodservice;
    f) Hetero-Jessica Dorman- Grade 3 floater foodservice;
    g) Hetero-Stephanie Borowve - Grade 3 floater foodservice;
    h) Hetero- Malusi Sonwabo Qhobosheane- grade 3 pizza maker foodservice;
    i) Hetero-Shirley Trendowsky- Grade 3 (various titles) foodservice;
    j) Hetero- Lindsley Kimball- Grade 3 floater foodservice;
    k) Hetero- Adema King- Grade 3 floater foodservice;
    l) Hetero- Louann Pilon- Grade 4 snack bar helper foodservice;
    m) Homo-Jason Petroff- Grade 3 floater/ food handler food service;
    n) Hetero-Elizabeth Hughes- Grade 3 housekeeper;
    o) Hetero- Tom Agiro- Grade 3 custodian;
    p) Hetero- Michelle Scheider- Grade 3 food handler/ floater foodservice;
    q) Hetero-Nichole Gunn- Grade 3 food handler/ floater foodservice; and
    r) Hetero-Steven Zurawski- Grade 3 housekeeper.

44. As a direct consequence of its illegal conduct, Syracuse University caused Mr.

Barbuto significant damages, including lost time for school and loss of educational opportunities, loss of FMLA days and other benefits and damages, including emotional distress.

45. Plaintiff believes that he was treated differently because of his FMLA status, associational disability, sexual orientation and his caretaker status.

46. Ultimately, Syracuse University retaliated and discriminated against Mr. Barbuto by preventing him from participating in and taking advantage of a fringe benefit and educational opportunity because of his FMLA status, sexual orientation, and status as a caregiver and by association of his husband's disability.

47. Moreover, Defendants did not follow proper protocol when it decided upon this stipulation that impacted Mr. Barbuto career and educational endeavors.

48. As a direct consequence of its illegal conduct, Syracuse University caused Mr. Barbuto significant damages, including lost time for school and loss of educational opportunities, loss of FMLA days and other benefits and damages, including emotional distress.

**FIRST CLAIM OF RELIEF**
**Violation of the Family and Medical Leave Act ("FMLA")**
**(Interference)**
-Against Defendants-

49. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

50. At all times mentioned in this complaint, the Family and Medical Leave Act (FMLA) was in full force and effect and was binding on Defendants.

51. The FMLA provides that eligible employees are entitled to take up to 12 weeks of leave in any 12-month period because of a serious health condition that makes the employee unable to perform the functions of the position of such employee, pursuant to 29 U.S.C.A. §2612.

52. Pursuant to 29 U.S.C. § 2615 (a)(1), "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right under the FMLA."

53. Plaintiff was clearly an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. §2611 (2)(a)(i)(ii).

54. Plaintiff requested intermittent FMLA leave from Defendants, his employer, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. §2611(2)(i).

55. Further, Plaintiff had at least 1,250 hours of service with Defendants during the prior twelve (12) months.

56. Plaintiff was entitled to intermittent leave, pursuant to 29 U.S.C.A. §2612(a)(1) due to his husband's serious health condition.

57. Defendants were aware of its responsibilities under FMLA and that Plaintiff was entitled to FMLA in light of his husband's serious condition.

58. Defendants violated Plaintiff's FMLA rights by failing to provide Plaintiff with appropriate leave under the applicable provisions of the FMLA and by limiting Plaintiff's rights to take FMLA leave.

59. Unlawful "[i]nterfering with the exercise of an employee's rights ... includes[s], for example, not only refusing to authorize FMLA, but discouraging an employee from using such leave." 29 C.F.R § 825.220(b).

60. Defendants, by failing to provide Plaintiff with appropriate leave under the applicable provisions of the FMLA, prejudiced Plaintiff by proximately causing damages to Plaintiff, including but not limited to losses in wages, salary, and employment benefits.

61. Defendants willfully interfered with, restrained, and /or denied Plaintiff's exercise of his FMLA rights by limiting his rights to take advantage of other benefits because of his FMLA request.

62. As a direct result and proximate result of defendants' intentional, willful, malicious, and interference of Plaintiff's FMLA rights, plaintiff lost employment benefits, and other compensation, in an amount to be proven at trial.

63. As a result of Defendants' willful violations of the FMLA, which were not made in good faith, Plaintiff is entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount to be proven at trial.

64. Therefore, Plaintiff sues Defendants pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq*.

### SECOND CLAIM OF RELIEF
### Violation of the Family and Medical Leave Act ("FMLA")
### (Discrimination)
### -Against Defendants-

65. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

66. The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(2). The FMLA further provides that "the Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c). "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies. . . . . " *Id.*

67. Defendants willfully discriminated against plaintiff by wrongfully limiting Plaintiff's right to exercise his fringe benefits after he attempted to exercise his right to take intermittent FMLA leave.

68. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to plaintiff's rights.

69. As a direct and proximate result of defendants' unlawful actions, plaintiff lost his wages, salary, employment benefits, and other compensation, and suffered other monetary losses, in an amount to be proven at trial.

70. As a result of defendants' willful violations of the FMLA, which were not done in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. §2617(a)(1)(A)(iii), in an amount to be proven at trial.

### THIRD CLAIM OF RELIEF
### UNLAWFUL DISCRIMINATORY PRACTICES
### NEW YORK STATE HUMAN RIGHTS LAW
### -Against Defendants-

71. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

72. Defendant **SYRACUSE** is an education corporation organized and operating as such under the laws of the State of New York.

73. The New York State Human Rights Law § 296(4) provides "[i]t shall be an unlawful discriminatory practice for an education corporation or association ... to permit the harassment of any student or applicant, by reason of his race, color, religion, disability, national origin, sexual orientation, military status, sex, age, or marital status[.]" N.Y. Exec. Law § 296(4).

74. Based on the foregoing, **SYRACUSE** permitted discrimination against Plaintiff on the basis of his associational disability and sexual orientation.

75. Based on the foregoing, **SYRACUSE** authorized, condoned and/or acquiesced to discriminatory conduct against Plaintiff.

76. Based on the foregoing, **SYRACUSE** knew or should have known of such discriminatory conduct and failed to undertake action to prevent it.

77. Defendant **SYRACUSE** engaged in the following discriminatory acts or practices against Plaintiff: **SYRACUSE** subjected Plaintiff Barbuto to disciplinary action in an arbitrary and capricious way, and in discrimination against him on the basis of his associational disability and sexual orientation; **SYRACUSE** failed to adhere to its Handbook; the Decision was discriminatory in that, given the evidence (or lack thereof), the only possible way to reach the Decision was a discriminatory bias against students and employees who were associated

with a disabled spouse and who were gay.

78. Based on the foregoing facts and circumstances, Defendants engaged in unlawful discriminatory practices in violation of N.Y. Exec. Law § 296(4).

79. As a direct and proximate result of the above conduct, Plaintiff Barbuto sustained damages, including, without limitation, emotional distress, loss of educational and career opportunities, economic injuries, and other direct and consequential damages.

80. On information and belief, defendants' acts and omissions as set forth above were due in whole or in part to plaintiff's associational disability and sexual orientation.

81. As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer substantial damages.

82. As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

83. Defendants conduct was outrageous and malicious, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages and attorney's fees.

### FOURTH CLAIM OF RELIEF
### NEGLIGENT HIRING, SUPERVISION AND RETENTION
### (Against Defendant SYRACUSE)

84. Plaintiff **BARBUTO** repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

85. That it was the duty of defendants to properly interview, investigate and supervise the background of its employees to ensure said employees, including defendant **MARY PAT**

**GRZYMALA,** did not present a risk of injury to the Plaintiff, **BARBUTO,** and other students of the premises.

86. That defendants, by and through their agents and/or employees breached their duty to Plaintiff, **BARBUTO,** in failing to properly interview, investigate and supervise the background of its employees, including defendant, **MARY PAT GRZYMALA,** to ensure said employees did not present a risk of injury to Plaintiff, **BARBUTO,** and the student-employees of the premises, which resulted in severe emotional distress to Plaintiff, **BARBUTO.**

87. That defendant **MARY PAT GRZYMALA,** was acting within the scope of her employment at the time she embarrassed Plaintiff, **BARBUTO**.

88. That defendants by their servants, agents, and/or employees had actual and constructive notice of the offensive conduct and discriminatory propensities of supervisor, **MARY PAT GRZYMALA.**

89. That defendants by their servants, agents, and/or employees knew or should have known the discriminatory propensities and offensive conduct of supervisor, **MARY PAT GRZYMALA.**

90. That defendant, **SYRACUSE UNIVERSITY,** by its servants, agents, and/or employees continued to employ and/or retained defendant, **MARY PAT GRZYMALA**, after receiving actual and constructive notice of the offensive conduct and discriminatory propensities of defendant, **MARY PAT GRZYMALA.**

91. That it was foreseeable to defendants that discrimination would occur, based on defendants' actual and constructive knowledge of defendant, **MARY PAT GRZYMALA's** escalating bad behavior toward Plaintiff.

92. That the foregoing occurrence was caused solely and wholly as a result of the negligence of the defendants, their agents, servants, and employees, without any negligence on the part of the Plaintiff contributing thereto.

93. That by reason of the foregoing, the Plaintiff was caused to suffer mental and emotional shock and distress and was damaged thereby.

94. That Plaintiff is entitled to punitive damages as defendants' wrongdoing evinces a high degree of moral turpitude and demonstrates such dishonesty as to imply criminal indifference to civil obligations.

**FIFTH CLAIM OF RELIEF**
**VIOLATION OF SECTION 504 OF 29 U.S.C. 794**
**(Against All Defendants)**

95. Plaintiff **BARBUTO** repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

96. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794, (Section 504), and the regulations promulgated thereunder, 34 C.F.R. Part 104, prohibits associational discrimination against persons with disabilities. Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under any program or activity receiving federal financial assistance.

97. Plaintiff is otherwise qualified and entitled to participate in the educational programs provided by Defendant Syracuse.

98. Defendants, and each of them, have violated Plaintiff's rights under Section 504 and the regulations promulgated thereunder by denying plaintiff the benefits of receiving full and equal access to the educational programs and activities offered by **SYRACUSE** because of his associational disability.

99. As a direct and proximate result of defendants' violation of Section 504, plaintiff has suffered and continues to suffer injuries to his person, humiliation, anxiety, mental anguish, emotional distress, lost educational and employment opportunities and damage to his reputation and personal relations in an amount to be ascertained according to proof at trial.

100. Plaintiff was forced to hire attorneys to represent him in this matter and should be awarded reasonable attorney's fees and costs.

**SIXTH CLAIM OF RELIEF**
**VIOLATION OF TITLE III AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. 12101 et seq.**
**(Against All Defendants)**

101. Plaintiff **BARBUTO** repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

102. Title III of the ADA, 42 U.S.C. 12131 et seq., and the regulations promulgated thereunder, 28 C.F.R. Part 35, governing state, and local governmental entities, protects persons from discrimination on the basis of associational disability by private entities. The ADA prohibits

exclusion from participating in, or being denied the benefits of the services, programs, or activities of the public entity, or being subjected to discrimination of such entity.

103. The acts and omissions described above violate the prohibition against disability discrimination solely on the basis of associational disability.

104. Defendants, and each of them, have violated plaintiff's rights under the ADA and the regulations promulgated thereunder by denying him benefits of the services, programs, and activities to which he is otherwise entitled from the **SYRACUSE**.

105. As a direct and proximate result of the defendants' violation of the ADA, plaintiff has suffered and continues to suffer injuries to his person, pain, humiliation, anxiety, mental anguish, emotional distress, lost educational and employment opportunities and damage to his reputation and personal relations in an amount to be ascertained according to proof at trial.

106. Plaintiff was forced to hire attorneys to assist in this matter and he should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. 12133.

### SEVENTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
### SEXUAL ORIENTATION DISCRIMINATION AND HARASSMENT IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
### (Brought against Defendants)

107. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

108. Defendants discriminated against Plaintiff in violation of the New York State Human Rights Law by denying him equal terms and conditions of employment, including but not limited, limiting Plaintiff's rights to fringe benefits, because of his sexual orientation.

109. Defendant discriminated against Plaintiff in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment, and discrimination of Plaintiff because of his sexual orientation.

110. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation, and benefits.

111. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, as follows:

a. Declaring that Defendants engaged in unlawful employment practices prohibited by the FMLA, by discouraging Plaintiff from taking FMLA leave, interfering with Plaintiff's entitlement to intermittent FMLA leave, and discriminating against plaintiff for applying for intermittent FMLA leave by limiting his right to take

  advantage of fringe benefits;

b. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful interference of Plaintiff's FMLA entitlement and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

c. Awarding statutory liquidated damages to Plaintiff, pursuant to FMLA;

d. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the State of New York;

e. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

f. Order Defendant to make whole Plaintiff THEODORE BARBUTO, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, lost bonuses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

g. Order Defendant to make whole Plaintiff THEODORE BARBUTO, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

h. Order Defendant to make whole Plaintiff THEODORE BARBUTO, by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, resulting from the unlawful employment practices described above, in amounts to be determined at trial;

i. Awarding Plaintiff punitive damages caused by Defendants' intentional, willful, wanton, and reckless actions;

j.  Awarding Plaintiff reasonable costs and disbursement of this action, including his reasonable attorneys' fees;

k.  Awarding Plaintiff such other and further relief as this Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices; and

l.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Dated: February 23, 2023
New York, New York

Respectfully submitted,

MARK DAVID SHIRIAN P.C.

By: _____
Mark D. Shirian, Esq.
228 East 45th Street, 1700-B
New York, NY 10017
Telephone: (212) 931-6530
Email: mshirian@shirianpc.com
Bar No. (MS1202)
COUNSEL FOR PLAINTIFF

To:

**SYRACUSE UNIVERSITY**
900 South Crouse Avenue
Syracuse, New York 13244

**MARY PAT GRZYMALA**
Via Place of Employment
**SYRACUSE UNIVERSITY**
900 South Crouse Avenue
Syracuse, New York 13244