UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THEODORE BARBUTO,

                  Plaintiff,

          -v-                 5:23-CV-245

SYRACUSE UNIVERSITY and MARY
PAT GRYZMALA, individually and in her
official capacity,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                 OF COUNSEL:

MARK DAVID SHIRIAN P.C.
Attorneys for Plaintiff         MARK SHIRIAN, ESQ.
228 East 45th Street, Suite 1700b
New York, NY 10017

BARCLAY DAMON LLP       EDWARD G. MELVIN, ESQ.
Attorneys for Defendants
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

DAVID N. HURD[1]
United States District Judge

---

   [1] This case was originally assigned to the Hon. Thomas J. McAvoy, Senior U.S. District Judge, and has been reassigned to the undersigned.

<u>**DECISION and ORDER**</u>

## I. <u>INTRODUCTION</u>

On February 23, 2023, plaintiff Theodore Barbuto ("Mr. Barbuto" or "plaintiff") filed this civil action against Syracuse University ("Syracuse U") and Mary Pat Grzymala ("Gryzmala") (collectively "defendants") for employment discrimination.  Dkt. No. 1.  Mr. Barbuto's seven-count complaint asserts claims under the Family Medical Leave Act ("FMLA"), § 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), Title III of the Americans with Disabilities Act (the "ADA"), and related portions of New York state law.  *Id.*

On April 26, 2023, defendants moved pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6) to dismiss Mr. Barbuto's complaint in its entirety.  Dkt. No. 8.  The motion has been fully briefed and will be considered without oral argument.  Dkt. Nos. 12, 14.

## II. <u>BACKGROUND</u>

In September 2016, Mr. Barbuto began working for Syracuse U in food service.[2]  Compl. ¶¶ 14–15.  Thereafter, Syracuse U promoted Mr. Barbuto to work as a custodian in September 2019.  *Id.* ¶ 17.

---

[2] Syracuse U is a private university located in Syracuse, New York that receives federal funding.  Compl. ¶¶ 9, 11.

In December 2019, Mr. Barbuto's now-husband was diagnosed with depression and anxiety related to his status as HIV-positive.[3]  Compl. ¶ 19. Plaintiff and his husband were married the following summer on June 20, 2020.  *Id.* ¶ 20.

In March 2021, Syracuse U approved Mr. Barbuto's request to take FMLA leave to care for his husband.  Compl. ¶ 21.  As his husband's caretaker, plaintiff assisted his husband with his medication, bathing, driving, and other household duties.  *Id.*

That fall, Mr. Barbuto elected to take advantage of one of his fringe benefits as a Syracuse U employee—remitted tuition.  Compl. ¶ 23.  But as plaintiff attempted to register for spring classes, Syracuse U imposed a stipulation (the "Stipulation") on plaintiff that directed him not to attend classes on any day that he called out of work to exercise his FMLA benefits or otherwise in December 2021.  *Id.* ¶¶ 24–25.  According to plaintiff, this Stipulation was the first of its kind.  *Id.* ¶ 29.

In April 2022, Mr. Barbuto made several verbal and written complaints to Syracuse U personnel claiming that he felt he was being discriminated against on the basis of his FMLA status, caregiver status, associational

---

[3] Mr. Barbuto's now-husband was diagnosed with human immunodeficiency virus ("HIV") in 2009.  Compl. ¶ 18.

disability, and sexual orientation.[4]  Compl. ¶ 39.  During plaintiff's in-person
meeting with Cathy Bottari ("Bottari") on March 31, 2022, Bottari assured
plaintiff that the stipulation would be removed.  *Id.* ¶ 40.  Bottari followed up
by sending plaintiff a copy of a revised class arrangement without the
stipulation on April 4, 2022.  *Id.*  But the Stipulation remained in place until
April 12, 2022.  *Id.* ¶ 41.   This lawsuit followed.

## III.  LEGAL STANDARD

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under
Rule 12(b)(1) when the district court lacks the statutory or constitutional
power to adjudicate it."  *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d
292, 297–98 (N.D.N.Y. 2019) (cleaned up).  Rule 12(b)(1) motions may be
either facial or fact-based.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56
(2d Cir. 2016).

Facial Rule 12(b)(1) motions are "based solely on the allegations of the
complaint . . . and exhibits attached to it[.]"  *Id.*  To resolve a facial motion,
the district court must "determine whether the pleading alleges facts that
affirmatively and plausibly suggest that the plaintiff has standing to sue."
*Id.* (cleaned up).  In doing so, the district court "must accept the complaint's

---

[4]  Mr. Barbuto made complaints during an in-person meeting on March 31, 2022, and April 12,
2022, and in writing via email on April 1 and April 5, 2022.  *Id.*

allegations as true and draw all reasonable inferences in favor of the plaintiff." *Wagner v. Hyra*, 518 F. Supp. 3d 613, 623 (N.D.N.Y. 2021) (quoting *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020)).   By contrast, a defendant who makes a fact-based Rule 12(b)(1) motion submits extrinsic evidence.  *Carter*, 822 F.3d at 57.  If defendant's extrinsic evidence reveals a dispute of fact whether jurisdiction is proper, plaintiff must proffer evidence to controvert defendant's evidence.  *Id.*  To resolve a fact-based motion, the district court must then make findings of fact to determine whether plaintiff has standing to sue.  *Id.*

### B.  Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In doing so, the court generally confines itself to the facts alleged in

the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## IV. **DISCUSSION**

Mr. Barbuto's complaint sets forth claims for employment discrimination under the FMLA (Counts I and II), the Rehabilitation Act (Count V), the ADA (Count VI), the New York State Human Rights Law (the "NYSHRL") (Counts III and VII) as well as a claim for negligent hiring under New York state common law (Count IV). Compl. ¶¶ 49–111. Defendants have moved to dismiss plaintiff's complaint in its entirety. Defs.' Mem. at 10–22.[5] Defendants motion raises both jurisdictional defects and merits-related questions.[6] The Court will address defendants' jurisdictional arguments first, before turning to the merits of plaintiff's remaining claims.

### A. **Rehabilitation Act** (Count V)

First, defendants argue that Mr. Barbuto lacks standing to bring a Rehabilitation Act claim. Defs.' Mem. at 18–19.

Section 504 of Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability,

---

[5] Pagination corresponds to CM/ECF.

[6] Defendants also urge the Court to dismiss plaintiff's state law claims for lack of supplemental jurisdiction. Defs.' Mem. at 23–24.

be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  As relevant here, the Second Circuit has recognized "associational discrimination" claims brought under Rehabilitation Act by plaintiffs who suffer an "independent injury causally related to the denial of federally required services to the disabled persons with whom the non-disabled plaintiffs are associated."  *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279 (2d Cir. 2009) (Wesley, J. concurring and writing for the Court as to this issue).

Upon review, Mr. Barbuto lacks standing to bring his Rehabilitation Act claim.  While plaintiff alleges that his husband is disabled within the meaning of the Act, plaintiff does not allege that his husband was denied any federally required services.  *See* Compl. ¶ 19.  Thus, plaintiff's Rehabilitation Act claim cannot survive this motion to dismiss absent any allegation that his husband suffered a deprivation of rights himself.  *Loeffler*, 582 F.3d at 280 (Wesley, J. concurring and writing for the Court as to this issue) ("This does not relieve the person aggrieved of establishing an injury causally related to, but separate and distinct from, a disabled person's injury under the statute.")

Accordingly, defendants' motion to dismiss plaintiff's Rehabilitation Act claim will be granted.[7]

### C. __ADA__ (Count VI)

Defendants also seek dismissal of Mr. Barbuto's ADA claim.   Defs.' Mem. at 20–22.  Defendants argue that this claim should be dismissed for lack of jurisdiction because it has been rendered moot by the removal of the Stipulation.  *Id.*

"Federal courts have subject matter jurisdiction only where there is a live controversy and must dismiss a case when the issue between the parties becomes moot."  *Lallave v. Martinez*, 609 F. Supp. 3d 164, 173 (E.D.N.Y.), *reconsideration denied,* 635 F. Supp. 3d 173 (E.D.N.Y. 2022).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up).

As relevant here, where the defendants have voluntarily ceased the allegedly unlawful conduct, the case is not ordinarily rendered moot because the defendants might resume the same conduct.  *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2015).  Thus, a court will

---

[7] The Court need not reach defendants' arguments regarding the merits of plaintiff's Rehabilitation Act claims.

only find that the defendants' voluntary cessation of the allegedly unlawful conduct rendered the case moot when "(1) there is no reasonable expectation that the alleged violation will recur[;] and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Saba v. Cuomo*, 535 F. Supp. 3d 282, 293 (S.D.N.Y. 2021) (quoting *Am. Freedom Def. Initiative*, 109 F. Supp. 3d 626, 630 (S.D.N.Y. 2015)).  It is the defendants' burden to persuade the court that their conduct "cannot reasonably be expected to start up again." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

To begin, there is no dispute that Syracuse U remedied the allegedly discriminatory stipulation no later than the first week of April 2022.  Compl. ¶ 41.  The next inquiry, then, is whether defendants have carried their burden to establish that there is no reasonable expectation that the Stipulation would be reimposed, and that removal of the Stipulation completely and irrevocably eradicated its effects.  *Saba*, 535 F. Supp. 3d at 293.

Upon review, defendants have not carried their burden to establish that the removal of the Stipulation rendered plaintiff's claim moot.  Defendants make no arguments in their motion papers as to either prong of the voluntary cessation test.  *See* Defs.' Mem. at 20–22.  This oversight is fatal to

defendants' motion.  Accordingly, defendants' motion to dismiss plaintiff's ADA claim for lack of jurisdiction will be denied.

Defendants next argue that Mr. Barbuto has improperly named Gryzmala as a defendant because the ADA does not provide for individual liability. Defs.' Mem. at 23.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  As relevant here, "[t]he question of whether a person is a proper defendant under the ADA turns on whether the defendant owns, leases, or operates a place of public accommodation within the meaning of the ADA."  *Bebry v. ALJAC LLC*, 954 F. Supp. 2d 173, 178 (E.D.N.Y. 2013) (cleaned up).  The term "operate" has been interpreted to mean someone "in a position of authority and having the power and discretion to perform potentially discriminatory acts."  *Id.* (quoting *Coddington v. Adelphi Univ.*, 45 F. Supp. 3d 211, 215 (E.D.N.Y. 1999)).

Mr. Barbuto has sued Gryzmala in both her individual and official capacities.  Plaintiff alleges that at all times relevant Gryzmala was acting as the Associate Director of Syracuse U.  Compl. ¶ 12.  Plaintiff has also named

Syracuse U as a defendant and asserts his ADA claims against both defendants.  *Id.* ¶¶ 101–06.  There are no immunity issues that might otherwise preclude plaintiff from suing Syracuse U directly.  Thus, Plaintiff's ADA claim against Gryzmala in her official capacity will be dismissed as duplicative of plaintiff's ADA claim against Syracuse U.

Turning next to Mr. Barbuto's ADA claim against Gryzmala in her individual capacity: plaintiff has narrowly avoided dismissal.  Drawing all reasonable inferences in plaintiff's favor, the complaint contains sufficient factual allegations that make it plausible that Gryzmala was an "operator" of Syracuse U for the purposes of the ADA.  Compl. ¶ 12.  Plaintiff's complaint is not replete with allegations that paint a clear picture of Gryzmala's power or discretion as a Senior Associate Director for Syracuse U.  However, the Court agrees with plaintiff that it would be premature to dismiss Gryzmala where it remains plausible that she was in fact acting as an operator of Syracuse U when the allegedly unlawful conduct occurred.  Therefore, defendants' motion to dismiss Mr. Barbuto's ADA claim will be denied with respect to all defendants.

### C.  **FMLA Claims** (Counts I and II)

Defendants have also moved pursuant to Rule 12(b)(6) to dismiss Mr. Barbuto's FMLA claims for failure to state a claim.  Defs.' Mem. at 10–17.

Under the FMLA, eligible employees are entitled to take a maximum of twelve weeks of leave "[i]n order to care for the spouse, or son, daughter, or parent of the employee, if such spouse, son, daughter, or parent has a serious health condition."[8] 29 U.S.C. § 2612(a)(1)(C); *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 165–66 (2d Cir. 2017) ("[The FMLA] provides broad protections to employees who need to take time away from work to deal with serious health conditions of the employee or her family.").

The Second Circuit has recognized two varieties of FMLA claims: interference and retaliation claims. *Woods*, 864 F.3d at 166. As stated by the Second Circuit:

> In general, an employee brings an "interference" claim when her employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. "Retaliation" claims, on the other hand, involve an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer. The two types of claims serve as *ex ante* and *ex post* protections for employees who seek to avail themselves of rights granted by the FMLA.

---

[8] Defendants also argue that Mr. Barbuto has failed to plausibly allege that he suffered any compensable loss. Defs.' Mem. at 16–17. Upon review, Mr. Barbuto has plausibly alleged that he suffered a compensable loss. Plaintiff alleges that he has lost educational opportunities, benefits, and wages. Compl. ¶¶ 31, 44, 62, 69; *see* 29 U.S.C. § 2617(a)(1). These allegations are sufficient at the pre-answer motion posture.

*Id.* (citations omitted).  Plaintiff has raised both an interference and a retaliation claim under the FMLA.  Compl. ¶¶ 49–70.  The Court will address each claim in turn.

### 1. **Interference Claim** (Count I)

First, Mr. Barbuto brings an FMLA interference claim against defendants for discouraging him from exercising his FMLA rights.  Compl. ¶¶ 59–64.  Defendants argue that this claim must be dismissed because plaintiff has not plausibly alleged that defendants actually interfered with or discouraged him from using his FMLA benefits.  Defs.' Mem. at 13–16.

To survive a motion to dismiss on an FMLA interference claim, a plaintiff must show that 1) he was an eligible employee under the FMLA; 2) defendant is an employer within the meaning of the FMLA; 3) he was entitled to take FMLA leave; 4) he gave notice to the defendant of his intention to take FMLA leave; and 5) he was denied benefits that he was entitled to under the FMLA.  *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016).  For the purposes of the fifth element, "[i]nterference with the exercise of FMLA rights may include, for example, 'refusing to authorize FMLA leave' and 'discouraging an employee from using such leave.'"  *LaRose v. Am. Med. Response of Conn., Inc.*, –F. Supp. 3d–, 2024 WL 747732, at *6 (D. Conn. Feb. 23, 2024) (quoting 26 C.F.R. § 825.220(b)).

This theory of recovery is referred to as the *discouragement* theory. *Tieu v. N.Y.C. Econ. Dev. Corp.*, –F. Supp. 3d–, 2024 WL 580063, at *11 (S.D.N.Y. Feb. 13, 2024).   A plaintiff who wishes to proceed under the 'discouragement theory' must plausibly allege that they attempted to assert their FMLA rights, "but was discouraged from doing so in such a way that would have dissuaded a similarly situated employee of ordinary resolve from attempting to exercise his or her FMLA rights." *Id.*

Defendants argue that Mr. Barbuto has failed to plausibly allege that he was ever discouraged from using his FMLA leave.  Def.'s Mem. 10–13.  According to defendants, the Stipulation limited plaintiff's ability to take *Syracuse U classes* on days that he was out on an unscheduled absence from work—not his FMLA benefits.  *Id.*

Upon review, defendants' motion to dismiss Mr. Barbuto's interference claim must be denied.  Plaintiff has plausibly alleged that defendants interfered with him taking his FMLA leave.  Plaintiff alleges that Syracuse U imposed a stipulation that limited his ability to take advantage of both his FMLA benefits and his employment with Syracuse U.  Compl. ¶ 30.  In plaintiff's view, the Stipulation created a Catch-22: he could either exercise his right to take FMLA leave or attend Syracuse U classes on a particular date.  *Id.*  Upon review, plaintiff has plausibly alleged that this conflict would have dissuaded similarly situated employee of ordinary resolve, who, like

plaintiff, elected to pursue the fringe benefit of class attendance, from exercising FMLA rights.

Therefore, Mr. Barbuto has plausibly alleged an FMLA interference claim. Accordingly, defendants' motion to dismiss plaintiff's FMLA interference claim will be denied.

### 2. **Retaliation Claim** (Count II)

Next, Mr. Barbuto has raised a retaliation claim under the FMLA.  Compl. ¶¶ 65–70.

FMLA retaliation claims are analyzed with the *McDonnell Douglas* three-step evidentiary framework.  *See Hall* v. *Urb. Assembly, Inc.*, 2022 WL 19708, at *2 (S.D.N.Y. Jan. 3, 2022); *Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 537 (S.D.N.Y. 2009).  Under this familiar framework, the plaintiff carries the initial burden to establish a *prima facie* case before the burden shifts to defendant to offer a legitimate, non-discriminatory reason for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Once defendant has made its showing, the burden returns to plaintiff to demonstrate pretext. *Id.*

The application of the *McDonnell Douglas* evidentiary framework depends on the procedural posture of the case at hand.  *Littlejohn v. City of N.Y.*, 795 F.3d 297, 310–11 (2d Cir. 2015).  At the motion to dismiss stage, a plaintiff need not *establish* a *prima facie* case, but must allege facts "that give

plausible support to the reduced requirements that arise under *McDonnell Douglas*[.]" *Id.* at 311. Thus, to make out a *prima facie* case of retaliation at the pre-answer motion to dismiss stage, a plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Tieu*, 2024 WL 580063, at *12; 29 U.S.C. § 2615(a)(2).

"[A] materially adverse action is any action by the employer that is likely to dissuade a reasonable worker in the plaintiff's position from exercising his legal rights." *Millea v. Metro-North R.R.*, 658 F.3d 154, 164 (2d Cir. 2011). This is an objective test that "does not take into consideration a plaintiff's unusual subjective feelings." *Dearden v. GlaxoSmithKline LLC*, 2017 WL 4084049, at *8 (S.D.N.Y. Sept. 14, 2017) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68–69 (2006)).

Plaintiffs advancing a retaliation claim must also plausibly allege the existence of a causal connection between their protected activity and the materially adverse employment action they suffered. *Albertin v. Nathan Littauer Hosp. & Nursing Home*, 537 F. Supp. 3d 243, 269 (N.D.N.Y. 2021). Plaintiffs may do so with either direct evidence of retaliatory animus or "indirectly by showing that the protected activity was closely followed in time by the adverse action." *Id.* (quoting *Colon v. Fashion Inst. of Tech.*, 983 F.

Supp. 2d 277, 297 (S.D.N.Y. 2013)).  For the purpose of determining closeness in time, "[c]ourts routinely use the date a plaintiff requested FMLA leave as a potential starting date to determine temporal proximity."  *Id.* (quotation omitted).

Mr. Barbuto has plausibly alleged an FMLA retaliation claim.  Plaintiff asserts that he was engaged in a protected activity: when he was approved for FMLA leave to care for his husband on March 25, 2021.  Compl. ¶ 21.  As discussed above, plaintiff has plausibly alleged that the stipulation would have dissuaded a similarly situated employee from exercising his or her FMLA rights.  Accordingly, the stipulation constitutes a materially adverse employment action for the purpose of the FMLA.

What remains at issue, therefore, is whether plaintiff has also plausibly alleged a sufficient causal connection between his decision to take FMLA leave and defendants' decision to impose the stipulation.  Mr. Barbuto's complaint does allege the existence of retaliatory intent.[9]  Thus, plaintiff must establish a causal connection based on the closeness in time between his protected activity and adverse employment action.  To that end, plaintiff alleges that he was approved for FMLA leave on March 25, 2021, and that the stipulation was imposed on December 20, 2021.  Compl. ¶¶ 21, 26.

---

[9] Mr. Barbuto's conclusory allegation that defendants' "actions were intentional, willful, malicious, and/or done with reckless disregard for plaintiff's rights" is insufficient even at the pre-answer motion to dismiss stage to establish retaliatory intent.  Compl. ¶ 68.

As discussed, courts ordinarily refer to the date on which the plaintiff was approved for FMLA leave to determine the temporal proximity between the protected activity and the adverse employment action. *Albertin*, 537 F. Supp. at 269. However, plaintiff alleges that he was taking "intermittent FMLA [leave] when the stipulation was placed[.]" Compl. ¶ 27. Plaintiff further alleges that the terms of the stipulation specifically prohibited plaintiff from taking classes on days that he called out with an "unscheduled absence (sick, FMLA, etc.)." *Id.* ¶ 25. Therefore, it is plausible that there is sufficient temporal proximity between that date(s) that plaintiff was approved to take FMLA leave and the date that the stipulation was imposed in December.

Therefore, Mr. Barbuto has plausibly alleged that defendants retaliated against him in violation of the FMLA. Accordingly, defendants' motion to dismiss plaintiff's FMLA retaliation claim will be denied.

**D. State Law Claims** (Counts III and VII)

Mr. Barbuto also advances a host of state law claims: he asserts both disparate treatment and hostile work environment claims under the NYSHRL as well as a claim for negligent hiring under New York state common law. Compl. ¶¶ 71–94, 107–11. Defendants argue that the Court should decline to extend supplemental jurisdiction should plaintiff's federal claims be dismissed. Defs.' Mem. at 23.

As discussed, *supra*, all but one of Mr. Barbuto's federal claims survive this motion to dismiss.  Further, plaintiff's state law claims do not pose novel issues of state law that might otherwise direct the Court to decline to exercise its supplemental jurisdiction.  Therefore, this Court may exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367.

Defendants set forth no additional or specific arguments for dismissal of plaintiff's state law claims.  Therefore, dismissal is unwarranted at this posture.  Accordingly, defendants' motion to dismiss plaintiff's state law claims will be denied.

### E.  <u>Leave to Amend</u>

Finally, Mr. Barbuto has requested leave to amend his complaint should the Court determine that his claims do not survive this motion to dismiss.  Pl.'s Opp'n at 24.  As has become common practice, plaintiff makes this request in the concluding sentence of his opposition papers.  *Id.*

Rule 15 permits a party to amend its pleading once as a matter of course no later than twenty-one days after serving its pleading, or "if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a).  Once this twenty-one-window has closed, the Federal Rules direct the party

seeking to amend to either obtain the opposing party's written consent or the Court's leave. *Id.* A court may deny leave to amend, however, for a "valid ground . . . such as futility or undue prejudice[.]" *In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (citations omitted).

In addition, Local Rule 15.1(a) requires a party seeking leave to amend to submit a copy of the proposed pleading "such that the court may consider the proposed amended pleading as the operative pleading." N.D.N.Y.L.R. 15.1(a). The local rules aim to not only economize the Court's busy civil docket but reflect this Circuit's preference to determine futility based upon the proposed amendments. *See In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th at 175.

Mr. Barbuto has failed to advance his Rehabilitation Act claim on the basis that he has failed to allege that his husband was ever denied a federally required service. *See supra.* But plaintiff has not obtained consent from defendants to amend his pleading, nor has he provided this Court with a proposed pleading from which the Court could determine whether such amendments would futile or not. Therefore, Mr. Barbuto's request for leave to amend will be denied.

## V. **CONCLUSION**

Mr. Barbuto's Rehabilitation Act claim does not survive this motion to dismiss. Plaintiff has failed to plausibly allege that he is associated with someone who is not only disabled within the meaning of the Act but has been

denied federally required services.  *See supra*.  Plaintiff's ADA and FMLA
claims survive: defendants have not carried their burden to establish that
plaintiff's ADA claim has been rendered moot and plaintiff has plausibly
alleged both an FMLA interference and retaliation claim.  Plaintiff has
named Gryzmala as an individual defendant in both her individual and
official capacities.  Plaintiff's ADA claim against Gryzmala in her official
capacity will be dismissed as duplicative of plaintiff's ADA claim against
Syracuse U.

Therefore, it is

ORDERED that

1.  Defendants' motion to dismiss is GRANTED in part and DENIED in
part;

2.  Defendants' motion to dismiss plaintiff's FMLA interference claim
(Count I) is DENIED;

3.  Defendants' motion to dismiss plaintiff's FMLA retaliation claim
(Count II) is DENIED;

4.  Defendants' motion to dismiss plaintiff's Rehabilitation Act claim
(Count V) is GRANTED;

5.  Defendants' motion to dismiss plaintiff's ADA claim (Count VI) against
Syracuse University is DENIED;

6.  Defendants' motion to dismiss plaintiff's ADA claim (Count VI) against Mary Pat Gryzmala in her official capacity is GRANTED;

7.  Defendants' motion to dismiss plaintiff's ADA claim (Count VI) against Mary Pat Gryzmala in her individual capacity is DENIED;

8.  Defendants' motion to dismiss plaintiff's state law claims (Counts III and VII) is DENIED;

9.  Plaintiff's request to amend is DENIED; and

10.  Defendants are directed to file and serve an answer to plaintiff's FMLA, ADA, and state law claim on or before August 7, 2024.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  July 24, 2024
        Utica, New York.