UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THEODORE BARBUTO,

        Plaintiff,

    -v-                5:23-CV-245

SYRACUSE UNIVERSITY and MARY
PAT GRYZMALA,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

MARK DAVID SHIRIAN P.C.
Attorneys for Plaintiff               MARK SHIRIAN, ESQ.
228 East 45th Street, Suite 1700b
New York, NY 10017

BARCLAY DAMON LLP            EDWARD G. MELVIN, ESQ.
Attorneys for Defendants
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

On February 23, 2023, plaintiff Theodore Barbuto ("Mr. Barbuto" or "plaintiff") brought a complaint for employment discrimination against his employer, Syracuse University ("Syracuse"), and Syracuse personnelle, Mary Pat Grzymala ("Gryzmala"), (collectively "defendants").  Dkt. No. 1.  Plaintiff's seven-count complaint asserted claims under the Family Medical Leave Act ("FMLA"), § 504 of the Rehabilitation Act (the "Rehabilitation Act"), Title III of the Americans with Disabilities Act (the "ADA"), and related portions of New York law.  *Id.*

On April 26, 2023, defendants moved pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6) to dismiss plaintiff's complaint.  Dkt. No. 8.  That motion was granted in part and denied in part on July 24, 2024.  Dkt. No. 16.  Specifically, defendants' motion to dismiss Mr. Barbuto's ADA claim was denied.  *Id.*

On August 7, 2024, defendants moved for reconsideration of the Court's decision.  Dkt. No. 18.  The motion has been fully briefed and will be considered on the basis of the parties' submissions.[1]  Dkt. Nos. 18, 22.

---

[1] Defendants filed a reply brief on September 4, 2024.  Dkt. No. 25.  However, consistent with Local Rule of the Northern District of New York ("Local Rule") 60.1, replies are not permitted on motions for reconsideration in a civil case.  *See* N.D.N.Y. L.R. 60.1.  Accordingly, defendants' motion for an extension of time to file their reply brief will be denied as moot and defendants' reply brief will be struck.

## II. BACKGROUND

The Court assumes the parties' familiarly with the relevant historical facts in this case.

Briefly stated, however, Mr. Barbuto works as a custodian for Syracuse. Compl. ¶ 17.  In March 2021, Syracuse authorized plaintiff to take FMLA leave to care for his husband.[2]  *Id.* ¶ 21.  In Novemeber, plaintiff attempted enroll in Syracuse college courses—a fringe benefit for Syracuse employees. *Id.* ¶ 23.

In December, Syracuse imposed a stipulation (the "Stipulation") that forbid plaintiff from attending classes on any day that he was absent from work on account of his FMLA benefits or otherwise.  Compl. ¶¶ 23–25.  The following April, Mr. Barbuto complained to Syracuse personnel that he felt he was being discriminated against.[3]  *Id.* ¶ 39.  The Stipulation remained in place until April 12, 2022.  *Id.* ¶ 41.  Plaintiff's lawsuit followed.

## III. LEGAL STANDARD

Local Rule 60.1 provides that a party may file a motion for reconsideration within fourteen days from the date a judgment, order, or decree is entered.

---

[2] Plaintiff's husband was diagnosed with human immunodeficiency virus ("HIV") in 2009.  In 2019, plaintiff's husband was also diagnosed with depression and anxiety in connection with his HIV diagnosis ten years prior.  Compl. ¶¶ 18–19.

[3] Plaintiff made complaints during an in-person meeting on March 31, 2022, and April 12, 2022, and in writing via email on April 1 and April 5, 2022.  *Id.*

- 3 -

N.D.N.Y. L.R. 60.1. The standards governing motions for reconsideration are necessarily strict to prevent litigants from rehashing the same issues that have already been carefully considered by the district court in the prior ruling. *See Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022); *see also Analytical Survs. Inc. v. Tonga Partners L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)) ("[S]uch a motion 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]'").

Within the Second Circuit, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *DG N.Y. CS, LLC v. Norbut Solar Farm, LLC*, 2024 WL 476540, at *1 (N.D.N.Y. Feb. 7, 2024) (quoting *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, J.)).

## IV. DISCUSSION

Pending before the Court is defendants' motion for reconsideration. Defs.' Motion for Reconsideration, Dkt. No. 18. Upon review, defendants' motion for reconsideration will be denied in all respects.

Defendants' principal contention is that the Court failed to address each of their arguments vis-à-vis the voluntary cessation doctrine. Defs.' Mem., Dkt.

No. 18-1 at 7–8. As an initial matter, the Court need not address each argument advanced by counsel. This is especially so where, as here, the argument is meritless.

Defendants' argument was meritless. As defendants acknowledge in their papers, and as Mr. Barbuto emphasizes in opposition, defendants articulated the incorrect legal standard for mootness where the defendant has voluntarily ceased the allegedly illegal activity. Defs.' Mem. at 10 n.1.; Pl.'s Opp'n, Dkt. No. 22 at 8.

As the Court clearly stated in its previous decision, it is defendants' burden to show that:

> a court will only find that the defendants' voluntary cessation of the allegedly unlawful conduct rendered the case moot when '(1) there is no reasonable expectation that the alleged violation will recur[;] and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'

*Barbuto v. Syracuse Univ.*, 2024 WL 3519684, at *4 (N.D.N.Y. July 24, 2024) (citations omitted).

Defendants failed to make the requisite showing as to either prong of the test as correctly articulated by the Court. To be sure, defendants assert that *Mr. Barbuto* failed to allege that there is a reasonable expectation that defendants would reimpose the Stipulation. Defs.' Motion to Dismiss, Dkt. No. 8-1 at 22. Beyond a singular, conclusory remark that "[a]ny prediction of

recurrence would be completely speculative[,]" defendants failed to carry their burden to establish that there is no reasonable expectation that the Stipulation would be reimposed and failed to address how the effects of the alleged ADA violation have been completely eradicated. *Id.*

## V. CONCLUSION

In short, the Court refuses to find fault in its decision not to engage with a meritless legal argument. Defendants' argument did not justify relief upon consideration of their original motion to dismiss. It certainly does not justify relief now. Thus, in light of defendants' failure to produce new evidence, indicate a change in the controlling law, or point to a clear error of law or manifest injustice, their motion for reconsideration will be denied.

Therefore, it is

ORDERED that

1. Defendants' motion for reconsideration is DENIED; and

2. Defendants' motion for an extension of time to file a reply is DENIED as moot.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: September 10, 2024
   Utica, New York.